175 P.2d 436

**PORTER v. LANSING.**

No. 4914.

Supreme Court of Arizona.

Dec. 16, 1946.

George Moncharsh, Deputy Adm'r, of Enforcement, and David London, Director, Litigation Division, both of Washington, D. C., William B. Wetherall, Regional Litigation Atty., and Lawrence E. Mullally, Atty., both of San Francisco, Cal., David

O. Brown, Dist. Enforcement Atty., and George V. Kempf, Enforcement Atty., both of Phoenix, Ariz., Office of Price Administration, Arizona District Office, for appellant.

Dwight L. Solomon, of Phoenix, for appellee.

STANFORD, Chief Justice.

Plaintiff, as we shall term the appellant hereinafter, filed his complaint in the Superior Court for treble damages, and an injunction in accordance with Secs. 205(a) and 205(e) of the Emergency Price Control Act as amended, 50 U.S.C.A.Appendix, § 901 et. seq. The complaint was followed by an answer by defendant and a motion to dismiss, the basis of the motion being that no warning notice was served on defendant before the commencement of the action by plaintiff. Without presentation of the facts the motion to dismiss was granted, and from such ruling this appeal was taken.

The only issue before this court, therefore, is: Should warning notice have been sent to defendant prior to the commencement of this action?

Section 205(a) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925 (a), is: "Whichever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act (section 904 of this Appendix), he may

make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

On the subject of treble damages, we quote from Sec. 205(e) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925(e), as follows: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine * * *. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be; and the word 'overcharge' shall mean the amount by which the consideration exceeds the applicable maximum price. If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States within such one-year period. * * *"

It is the contention of the defendant that Sec. 205(f) (2) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925 (f) (2), is applicable in an action such as this one and therefore it is a condition precedent to bringing of the action that warning notice be sent the defendant and that no notice was sent according to the pleading, wherefore the motion to dismiss. That part of Sec. 205(f) (2) which is pertinent is: "Whenever in the judgment of the Administrator a person has violated any of the provisions of a license issued under this subsection, or has violated any of the provisions of any regulation, order, or requirement under section 2 or section 202(b) (Sections 902 or 922 of this appendix), or any of the provisions of any price schedule effective in accordance with the provisions of section 206 (Section 926 of this appendix), which is applicable to such per-

son, a warning notice shall be sent by registered mail to such person. If the Administrator has reason to believe that such person has again violated any of the provisions of such license, regulation, order, price schedule, or requirement after receipt of such warning notice, the Administrator may petition any State or Territorial court of competent jurisdiction, or a district court subject to the limitations hereinafter provided, for an order suspending the license of such person for any period of not more than twelve months. If any such court finds that such person has violated any of the provisions of such license, regulation, order, price schedule, or requirement after the receipt of the warning notice, such court shall issue an order suspending the license to the extent that it authorizes such person to sell the commodity or commodities in connection with which the violation occurred. * * * Any such order of suspension shall be affirmed by the appropriate appellate court if, under the applicable rules of law, the evidence in the record supports a finding that there has been a violation of any provision of such license, regulation, order, price schedule, or requirement after receipt of such warning notice. No proceedings for suspension of a license, and no such suspension, shall confer any immunity from any other provision of this Act."

The case of Taylor v. United States, 9 Cir., 142 F.2d 808, 815, is a criminal case. In it quite a thorough analysis had been made of the meaning of Section 205, supra, and various subsections. From said case we quote: " * * * Section 205 contains enforcement provisions of the Emergency Price Control Act. Subsection (a) provides for injunctive relief; (b) makes provision for criminal prosecutions and fixes penalties; (c) indicates places of trials of applicable proceedings; (d) authorizes intervention of Administrator in certain instances; (e) relates to civil remedies in the form of actions to recover $50 or treble the amount by which the consideration exceeds the lawful maximum price, and (f) (2), the subsection invoked by defendant in attacking the sufficiency of the information, makes provision for the suspension of licenses issued under subsection (f) (1) thereof. It is clear from a reading of Section 205(f) (2) that such a warning notice is a condition precedent solely to proceedings of civil or equitable cognizance for suspension of the issued license and has no application to criminal proceedings such as those before us in this appeal charging violations of other features of the Act or Regulation. This, we think, is also made manifest by the last sentence in Subsection (f) (2) of Section 205."

We agree with the construction placed upon 205 (f) in the above case. No warning notice is required as a predicate to the institution of an action either for injunction under Sec. 205(a), or for damages under 205(e). It is evident from a reading of the Act that the warning notice is required only when the suspension of licenses is involved under 205(f).

As stated before, this matter comes before us on a motion to dismiss only, and we cannot enter into the facts nor give an expression as to the severeness of the penalty if we cared to do so.

In reference to the Act "The purpose is to punish an offense against public justice, not to afford a private remedy to a person injured by the wrongful act." Bowles v. Barde Steel Co., Or., 164 P.2d 692, 696, 162 A.L.R. 328. In this case, however, the Administrator instead of the injured person brought the action.

From the foregoing we hold that it was unnecessary that the notice of warning issue as a condition precedent to the bringing of the action.

The judgment is reversed and remanded with instructions to overrule the motion to dismiss and reinstate the complaint.

LaPRADE and MORGAN, JJ., concurring.